UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-00061-RJC

| | |
|---|---|
| NICHOLAS J. RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 7, 8); and Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 11, 12).

## I.   BACKGROUND

### A.   Procedural Background

Plaintiff Nicholas J. Russell ("Plaintiff") seeks judicial review of Defendant's denial of his social security claim. (Doc. No. 1). On or about November 16, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 405, et seq. (2012), alleging an inability to work due to disabling conditions beginning on February 28, 2009. (Doc. No. 6: Administrative Record ("Tr.") at 162–64). The Commissioner initially denied Plaintiff's application on February 2, 2012, (Tr. 92–100), and upon reconsideration on March 21, 2012, (Tr. 102–05). Plaintiff filed a timely written request for a hearing on May 10, 2012. (Tr. 111–12).

On October 3, 2013, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 33–59). The ALJ issued a decision on December 24, 2013, denying Plaintiff's claim. (Tr. 14–32). Plaintiff filed a request for review of the ALJ's decision on February 19, 2014, (Tr. 13), which was denied by the Appeals Council on August 13, 2014, (Tr. 6–12). Therefore, the December 24, 2013 ALJ decision became the final decision of the Commissioner on August 13, 2014.

Plaintiff's Complaint seeking judicial review and a remand of his case was filed in this Court on May 18, 2015. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 7), was filed August 24, 2015, and Defendant's Motion for Summary Judgment, (Doc. No. 10), was filed December 9, 2015. The pending motions have been fully briefed and are ripe for adjudication.

B. Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes,[1] at any time from February 28, 2009, when Plaintiff's disabling conditions commenced, through June 30, 2013, the date last insured. To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from February 28, 2009, through June 30, 2013, the last date insured. (Tr. 14–32).

---

[1] Under the Social Security Act, 42 U.S.C. § 301 et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

This case is governed by the Social Security Administration's familiar five–step sequential evaluation process for determining if a person is disabled.[2] In this case, the ALJ determined at step five that Plaintiff was not disabled. (Tr. 27–28).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since February 28, 2009, the alleged disability onset date. (Tr. 19). At step two, the ALJ found that Plaintiff had severe impairments of fibromyalgia, anxiety disorder, depression, insomnia and attention deficit disorder. (Id.). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work limited to a nonproduction setting that requires no contact with the public and only occasional contact with supervisors and coworkers. (Tr. 21–26). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id. at 21). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96–2p, 96–5p, 96–6p and 06–3p." (Id.).

At the hearing, a vocational expert ("VE") testified regarding Plaintiff's past relevant work, (Tr. 26), and pursuant to the VE's testimony, the ALJ found that Plaintiff was unable to perform

---

[2] The five steps are: (1) whether the claimant is engaged in substantial gainful activity—if yes, not disabled; (2) whether the claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled; (3) whether the claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement— if yes, disabled; (4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and (5) whether, considering the claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled. 20 C.F.R. § 404.1520(a)(4)(i)–(v).

his past relevant work. (Tr. 27). At the fifth and final step, the ALJ concluded, based on the VE's testimony, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Id.). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between February 28, 2009, and June 30, 2013, the date last insured. (Tr. 28).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner if the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome. Provided there is "substantial evidence" in the record to support the final

decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**III. DISCUSSION**

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying his claim on three grounds: (1) the ALJ's credibility analysis was deficient, (2) the ALJ erred by failing to apply fibromyalgia ruling SSR 12–2p in evaluating Plaintiff's claim, and (3) the ALJ failed to address the credibility of witness Jamisa Russell. (Doc. No. 8 at 7, 12, 15). The Court reviews each of these arguments in turn.

A. The ALJ's Credibility Analysis

Plaintiff first argues that the ALJ's credibility analysis was deficient in light of Plaintiff's severe impairment of fibromyalgia. Specifically, Plaintiff argues that the ALJ did not evaluate the required factors to determine Plaintiff's credibility pursuant to SSR 96–7p.

The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir.1996) (citing 20 C.F.R. §§ 416.929(b), 404.1529(b)); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595 (citing 20 C.F.R. §§ 416.929(c)(1), 404.1529(c)(1)). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence

> relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ, however, is not required to discuss each factor enumerated in 20 C.F.R. §§ 404.1529(c) and 416.929(c). Rather, the decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p.

Although the ALJ in this case did not address every factor, it is clear to the Court that he provided specific reasons for his credibility finding, and his decision was sufficiently specific to make clear to the individual and any subsequent reviewers the weight he gave to the individual's statements and the reasons for that weight. The ALJ addressed multiple inconsistencies between Plaintiff's testimony and the objective medical record regarding Plaintiff's daily activities. He noted that Plaintiff reported spending most of his day in bed, (Tr. 22); yet Plaintiff "described a broad range of daily activities, which are not limited to the extent one would expect, given the allegations of his disability," (Tr. 24). Such activities included attending church, caring for personal hygiene, and engaging in household chores. (Id.). The ALJ also considered the location, duration, frequency, and intensity of Plaintiff's pain and other symptoms. He noted that Plaintiff's areas of pain were his neck, shoulders, arm, wrist, hip, thighs, and calves; however, the medical record indicated Plaintiff's fibromyalgia was "mild and controlled." (Tr. 23). The ALJ also considered the type, dosage, effectiveness, and side effects of Plaintiff's medication, which included Plaintiff's history of prescription drug addiction and Plaintiff's willingness to drive one and a half hours to visit a doctor who would prescribe opioids. (Tr. 23–25). The ALJ commented

how Plaintiff stopped seeing closer medical providers because he disagreed with their advice that opiates were not an effective treatment for his pain, and the ALJ also noted that Plaintiff drove long distances to visit doctors despite his reported difficulties sitting for long periods of time. (Id.). Finally, the ALJ considered alternative treatment Plaintiff used to alleviate his alleged pain. The ALJ noted that doctors advised Plaintiff to engage in light walking and exercise, but Plaintiff disregarded this advice and spent most of his day in bed. (Tr. 22–23). In sum, the Court finds that the ALJ properly evaluated and explained his finding regarding Plaintiff's credibility and that there is substantial evidence to support the ALJ's finding. Accordingly, the Court overrules Plaintiff's first objection.

      B.      The ALJ's Application of Fibromyalgia Ruling SSR 12–2p

Plaintiff next argues that the ALJ failed to apply fibromyalgia ruling SSR 12–2p when evaluating Plaintiff's claim, alleging that the ALJ did not properly assess his fibromyalgia at steps three, four, and five. (Doc. No. 8 at 13–14). SSR 12–2p states "[o]nce we establish that a person has [a medically determinable impairment] of [fibromyalgia], we will consider it in the sequential evaluation process to determine whether the person is disabled." SSR 12–2p.

Because fibromyalgia is not a listed impairment, step three required the ALJ to determine whether Plaintiff's fibromyalgia medically equaled the severity of a listed impairment, such as inflammatory arthritis. SSR 12–2p. Plaintiff has the burden of proof to show that his impairment meets or equals the specified medical criteria of a listing. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) ("The claimant has the burden of production and proof in Steps 1–4."). Furthermore, the ALJ is not required to identify or discuss a listed impairment unless "there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." Ketcher v. Apfel, 68 F. Supp. 2d 629, 645 (D. Md. 1999);

see also Gillis v. Colvin, No. 3:12-cv-00731-RJC, 2013 WL 3712326, at *3 (W.D.N.C. July 12, 2013).

The ALJ considered Plaintiff's complaints of pain in determining that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." (Tr. 20). Furthermore, the Court finds that Plaintiff failed to present "ample evidence" to support his argument that his fibromyalgia equaled the severity of a listed impairment; therefore, he failed to meet his burden. (Doc. No. 8 at 13–15).

The ALJ also properly considered Plaintiff's symptoms of fibromyalgia in his RFC assessment. (Tr. 22–26). As discussed above, the ALJ properly determined that Plaintiff's testimony was not entirely credible, and the ALJ, therefore, appropriately limited his analysis to the objective medical evidence, which included Plaintiff's diagnosis of fibromyalgia. (Tr. 25–26). However, that diagnosis indicated that Plaintiff's fibromyalgia was "mild and controlled." (Tr. 23). Ultimately, the ALJ found that Plaintiff had failed to establish that he "experiences pain of such severity, intensity and duration, or of an intractable nature as to preclude him from performing light work with the restrictions outlined [in the RFC]." (Tr. 26). The Court finds, therefore, that the ALJ properly considered and accounted for Plaintiffs limitations associated with his fibromyalgia in the RFC finding. Accordingly, since that RFC finding was used to evaluate steps four and five, the Court finds that the ALJ properly considered Plaintiff's fibromyalgia throughout the sequential five-step process. (Doc. 11 at 13; Tr. at 26–27). Therefore, the Court overrules Plaintiff's second objection.

C.     The Credibility of Witness Jamisa Russell

Finally, Plaintiff argues that the ALJ did not properly consider the third-party testimony of Plaintiff's wife, Jamisa Russell. (Doc. 8 at 16). However, the Court finds that the ALJ properly

considered the third-party testimony. The ALJ dedicated a lengthy paragraph to discuss and consider Mrs. Russell's testimony. Furthermore, Mrs. Russell's testimony is largely duplicative of Plaintiff's testimony, which, as discussed above, the ALJ properly evaluated and found to be lacking credibility. An ALJ need not specifically discuss each piece of evidence, especially when such evidence is cumulative of evidence already thoroughly discussed. See Morgan v. Barnhart, 142 F. App'x 716, 724–25 (4th Cir. 2005) (unpublished) (finding no error in failing to address credibility of layperson witness testimony that was duplicative of discredited Plaintiff's testimony); see also Lee v. Astrue, No. CA 1:10-2837-MBS-SVH, 2011 WL 7561514, at *13 (D.S.C. Dec. 21, 2011), report & rec. adopted, 2012 WL 931974 (D.S.C. Mar. 16, 2012) (holding that the ALJ did not err by failing to make a specific finding regarding credibility of third-party testimony because the ALJ "was not required to provide[] detailed discussion of every point"); Jackson v. Astrue, No. C/A 8:08-2855-JFA-BHH, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) ("[A]n ALJ is not required to provide a written evaluation of every piece of evidence, but need only minimally articulate his reasoning so as to make a bridge between the evidence and its conclusions."). Therefore, the Court finds the ALJ did not err in his analysis of Mrs. Russell's testimony and overrules Plaintiff's third objection.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 7), is **DENIED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**; and
3. The Clerk of Court is respectfully directed to close this case.

Signed: August 31, 2016

_____
Robert J. Conrad, Jr.
United States District Judge